SIDNEY S. BLANCHARD, PLAINTIFF IN ERROR, V. PETER LOGES, DEFENDANT IN ERROR.

Trespass: DAMAGES: EVIDENCE. In an action by B., to recover damages for grain in the field, destroyed by hogs belonging to L., a verdict was rendered for twenty-five cents. There was testimony tending to show the amount and value of the grain destroyed ; also that hogs other than those of L. committed a portion of the injury, but there was no testimony tending to show the number of such hogs, nor what proportion of the damage was occasioned by the hogs of L. *Held*, that an objection by B. that the verdict was against the weight of evidence could not be sustained.

ERROR to the district court for Washington county. Tried below before SAVAGE, J.

*L. W. Osborn*, for plaintiff in error.

*J. Wesley Tucker*, for defendant in error.

MAXWELL, CH. J.

This is an action to recover damages for corn and wheat belonging to the plaintiff, which, it is alleged, were destroyed by hogs belonging to the defendant. On the trial of the cause in the court below a verdict for twenty-five cents was rendered in favor of the plaintiff, upon which judgment was rendered. The plaintiff brings the cause into this court by petition in error.

The principal error relied on is that the verdict is against the weight of evidence—that is, that the damages awarded are not commensurate with the injury proved.

It appears from the testimony that in the year 1878 a portion of the plaintiff's corn, in the field, estimated by himself at 300 bushels, worth 12 cents per bushel, was destroyed by hogs; that a quantity of wheat in

the shock, estimated by him at from 100 to 150 bushels, worth 60 cents per bushel, was also destroyed. It also appears that the defendant in August of that year was the owner of nineteen hogs, which escaped from his inclosure and were found in the plaintiff's corn; that the plaintiff impounded thirty-five hogs found in his field, and that a considerable number still remained in the field. It also appears that the plaintiff at that time possessed about one hundred and twenty-five hogs, which were kept up, "except when they broke out." The plaintiff testified that "at that time they did not break out," but there is testimony tending to show that quite a large number of his own hogs were running out at that time. There is also testimony tending to show that the damages to the wheat and corn were inconsiderable. But if the damages are as great as claimed by the plaintiff, still it appears that the injury was not all committed by the defendant's hogs. And there is no testimony tending to show the comparative amount of damage committed by them, nor the whole number of hogs committing the injury. This was necessary in order to enable the jury to assess the damages. The whole amount of damages sustained is proved, but there is an entire failure of testimony as to the proportion of the same for which the defendant is liable. There is no basis therefore for this court to review the finding. There is a direct conflict in the testimony as to the amount of damage sustained, and it was properly a case to be submitted to a jury for their determination. The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.